UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24127-CIV-LENARD/GOODMAN

IBRAHIM GONZALEZ,

    Plaintiffs,

v.

GRAND PRIZE CHEVEROLET and
LOUIS IZQUIERDO,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

COMES NOW, the Plaintiff, IBRAHIM GONZALEZ, and the Defendants, GRAND PRIZE CHEVEROLET and LOUIS IZQUIERDO, by and through their undersigned counsels, and hereby file this Joint Motion to Approve Settlement Agreement and Dismiss with Prejudice both GRAND PRIZE CHEVERLOLET and LOUIS IZQUIERDO, and state the following in support thereof:

Plaintiff filed a Complaint alleging that the Defendants violated the Fair Labor Standard Act, as amended, 29 U.S.C. § 201-216, by failing to pay the Plaintiff's overtime wages, respectively. The Plaintiff also alleged that the Defendants breached their contract with the Plaintiff.

To avoid the costs and uncertainty of litigation, the Plaintiff and Defendants have negotiated a settlement as to Plaintiff's claim against the Defendants. Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F. 2d 1350 (11th Cir. 1982), employment and wage claims arising under the FLSA may be settled or compromised only with the approval of the Court or

Secretary of Labor. Accordingly, the Defendants and the Plaintiff respectfully request that th Court approve the terms of their settlement agreement.

The Defedants have agreed to pay the Plaintiff and their counsel a grand total of $16,880.00. This amount is comprised of:

a. $9,478.00 to Plaintiff

b. $7,402.00 to Gallardo Law Office (comprised of $6,752.00 in attorney's fees, and $650.00 in costs)

The Plaintiff agrees to the specific amount he is receiving as part of this settlement. The parties stipulate that the settlement reached between them represents a fair and reasonable resolution of the Plaintiff's claim against the Defendants. There was no collusion behind the settlement. The Parties settled this case after the attorneys had discussed the strengths and weaknesses of the Parties' respective positions.

WHEREFORE, the Plaintiff and the Defendants respectfully request that this Court approve the settlement agreement entered into between them, allow the Plaintiffs and dismiss with prejudice the Defendants from this action, and grant the Plaintiff all other relief deemed appropriate.

Respectfully, submitted this 9th day of December 2016 by,

_____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
Gallardo Law Office
8492 S.W. 8th Street
Miami, Florida 33144
Tel.: (305) 261-7000
Fax: (305) 261-0088
Attorney for Plaintiff

## SERVICE LIST

Edward Quinton
equinton@quintonparetti.com
Quinton & Paretti, P.A.
1 S.E. 3rd Avenue
Suite 1405
Miami, Florida 33131
Tel.: (305) 358-2727
Fax: (305) 358-0779

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Agreement is made and entered into by and between the GRAND PRIZE CHEVEROLET, its parent corporation, affiliates, subsidiaries, insurers, attorneys, divisions, successors and assigns and the employees, officers, directors and agents thereof, LOUIS IZQUIERDO, his agents, heirs, executors, administrators, successors, and assigns, and IBRAHIM GONZALEZ, his agents, heirs, executors, administrators, successors and assigns and anyone who may claim by and through him, who agree as follows:

I. **Definitions**

For purposes of this Agreement, the following Definitions will apply:

A. <u>Effective Date</u>. The "Effective Date" of this Agreement is the eighth (8th) calendar day after Gonzalez's execution of this Agreement, as set forth in paragraph 4 below, provided Gonzalez does not exercise his right to revoke as set forth within that paragraph.

B. <u>Administrative Proceeding</u>. An "Administrative Proceeding" includes any charge, complaint, appeal or other action instituted with a federal, state or local governmental agency or adjudicative body.

1. **Consideration.** In consideration for signing this agreement and General Release and compliance with the promises made herein, the Defendant agrees to pay Plaintiff the total sum of SIXTEEN THOUSAND EIGHT HUNDRED AND EIGHTY DOLLARS AND ZERO CENTS ($16,880.00), as set forth below, in full and final settlement and resolution of all claims Plaintiff has, had, or may have against the Defendants. This amount will be divided as follows:

    a. $9,478.00 to Plaintiff ($4,739.00 in unpaid overtime compensation and $4,739 in liquidated damages)
    b. $7,402.00 to Gallardo Law Office ($6,752.00 in attorney's fees and $650.00 in costs)

2. **No Consideration Absent Execution of this Agreement.** The Plaintiff understands and agrees that he will not receive the monies and/or benefits as specified in paragraph 1 above, except upon his execution of this Agreement and General Release.

3. **General Release of Claim.** The Plaintiff does hereby forever unconditionally and irrevocably release, settle, acquit, remise, satisfy and discharge the Defendants and their agents, officers, directors, employees, supervisors, insurers, and attorneys (whether former or present) in their official and individual capacity, their heirs and legal representatives, executors, administrators, assigns, and on behalf of anyone who could claim by and through the Defendants, its predecessors and successors in interest, from any and all claims and demands, actions, causes of action, damages, expenses, or costs of whatever nature including, but not limited to any of the following alleged violations:

    - The National Labor Relations Act, as amended;
    - Title VII of the Civil Rights Act of 1964, as amended
    - Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
    - The Employee Retirement Income Security Act of 1974, as amended;
    - The Immigration Reform Control Act, as amended;
    - The Age Discrimination and Employment Act;

- The Older Worker Protection Benefit Act;
- The American with Disabilities Act of 1990, as amended;
- The Fair Labor Standards Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Florida Civil Rights Act, as amended;
- The Florida Equal Pay Law, as amended;
- The Florida Wage Discrimination Law, as amended;
- The Florida State Wage and Hours Laws, as amended;
- The Florida Occupational Safety and Health Laws, as amended;
- All alleged claims for handicap or disability discrimination; age discrimination; national origin discrimination, gender discrimination, sex discrimination, race discrimination, retaliation, whistle blowing, breach of contract, rescission or promises whether pursuant to Federal or State law, in law or equity;
- Torts of all kind, including but not limited to, misrepresentation, negligence or otherwise, fraud, defamation, libel, slander, worker's compensation retaliation, interference with an advantageous business relationship, battery, negligence, intentional infliction of emotional distress, negligent security, invasion of privacy, negligent hiring, negligent retention, discrimination, claims or rights under State and Federal Whistle Blower legislation, including Sections 448.101 through 448.105, Florida Statutes, the Consolidated Omnibudget Reconciliation Act, the Older Workers Benefits Protection Act, and any other claims of any kind, whether pursuant to Federal or State law, in law or equity;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; or
- Any allegation for costs, fees, or other expenses including attorney's fees incurred in these matters.

The Plaintiff specifically waives any rights of action and administrative and judicial relief which he might otherwise have available in the state and federal courts, including all common law claims and claims under federal and state constitutions, statutes, and regulations and federal executive orders and county and municipal ordinances and regulations, or any claim arising out of the Plaintiff's employment relationship with the Defendants.

The Plaintiff and the Defendants acknowledge and agree that the release set forth herein is a general release and the Plaintiff further expressly waives and assumes the risk of any and all claims for damages which exist as of this date but of which the parties do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect either or both parties' decision to enter into this Agreement. The Plaintiff further agrees that payment of the sum specified above has been accepted as a complete compromise of matters involving disputed issues of law and fact, and the Plaintiff assumes the risk that the facts or law may be otherwise than currently believed. In addition, the Plaintiff acknowledges that he will not be eligible for rehire by the Defendants.

4. **Acknowledgements.** The Plaintiff acknowledges that he has read and understands this Agreement and moreover he specifically acknowledges the following:
   a. That the Plaintiff has been at all times advised to consult with an attorney and has had sufficient opportunity to consult with an attorney before he signed this Agreement; and
   b. That the Plaintiff has been given twenty-one (21) days to decide whether to sign this Agreement; and
   c. That the Plaintiff understands that upon signing this Agreement, he has seven (7) calendar days in which to revoke his signature and that this Agreement will not become effective or enforceable until after the Effective Date.
5. **Affirmations.** The Plaintiff affirms that he has not filed, caused to be filed, or presently is a party to any claim, complaint, appeal, action or charge of discrimination, with any agency, including but not limited to the Florida Commission on Human Relations, the United States Department of Labor, Florida Department of Labor and Employment Security/Florida Agency for Workforce Innovation, the U.S. Equal Employment Opportunity Commission, or any other federal, state or local agency, against the Defendants.
6. The Plaintiff agrees that he will not apply for employment with the Defendants.
7. **Non-Disparagement.** The Plaintiff agrees that he will not directly or indirectly, including through family members, disparage any of the Defendants. This non-disparagement agreement includes that the Plaintiff will not directly or indirectly, including through family members, orally or in writing state anything negative about any of the Defendants or diminish their reputations, including presenting any negative comments on any social media.
8. **Governing Law and Interpretation.** This Agreement and General Release shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. Should any provision of this Agreement and General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provisions shall immediately become null and void, leaving the remainder of this Agreement and General Release in full force and effect.
9. **No Admission of Wrongdoing.** The Plaintiff and the Defendants agree that neither this Agreement and General Release nor the furnishing of the consideration for this Release shall be deemed or construed at any time for any purpose as an admission by either the Plaintiff or the Defendants of any liability or unlawful conduct of any kind, or that one party has any rights whatsoever against the other or against any of the other released parties. The parties specifically acknowledge that the Defendants is agreeing to the consideration referenced above solely to avoid the cost and business disturbance brought about by litigation.
10. **Amendment.** This Agreement and General Release may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement and General Release.
11. **Breach of Agreement and General Release and Attorney's Fees and Costs.** The foregoing General Release shall not be construed to cover any breaches or violations of the terms and provisions of this Agreement and the violating party shall be liable to the non-violating party in damages for breach of the Agreement set forth herein. Should legal action ensue between the parties hereto for alleged breach or for enforcement of the Agreement, the venue of such actions shall be Miami-Dade County, Florida and the prevailing party shall be entitled to recover from the other costs of the action, including reasonable attorneys' fees, costs and expenses, including all appeals. If necessary, the parties agree to file a copy of this

Agreement with the court under seal. The parties will take all necessary steps to ensure that none of the terms of this Agreement are publicly disclosed in the event of such litigation.

12. **Severability.** Each provision of this Agreement is intended to be fully severable. If any court of competent jurisdiction determines that any provision of this Agreement is illegal, invalid or unenforceable in any manner, the remainder of this Agreement will remain in force, unless the Release is deemed unenforceable in which case, the entire Agreement will be null and void.

13. **Entire Agreement.** This Agreement and General Release sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. The Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to his in connection with his decision to sign this Agreement and General Release, except for those set forth in this Agreement and General Release.

DATED, in ____Miami-Dade____ County, Florida, this __7th__ day of __December__ 2016.

_____
IBRAHIM GONZALEZ

SWORN TO AND SUBSCRIBED before me this __7th__ day of __December__ 2016.

_____
Notary Public State of __Florida__
My commission expires:

JESSIE A DAVIS
MY COMMISSION # FF939346
EXPIRES November 29, 2019
FloridaNotaryService.com

GRAND PRIZE MOTORS, INC. d/b/a GRAND PRIZE CHEVEROLET

BY: _____  Louis Izquierdo - Vice Presdy
DATE: __12-8-16__

_____
LOUIS IZQUIERDO
DATE: __12-8-16__

SWORN TO AND SUBSCRIBED before me this __8__ day of __December__, 2016.

_____
Notary Public State of __Florida__
My commission expires:

JACQUELYN BOMBINO
MY COMMISSION # FF005426
EXPIRES: April 15, 2017